McKinney, J.,
delivered the opinion of the court.
The question in this case is, whether the proof of the as--signment of the obligation, on which the suit is founded, was sufficient to entitle the plaintiff below to sue and recover thereon in the character of assignee.
The instrument is under seal, and the assignment was made by an agent. The agent, who was examined as a witness, stated, that for a long period he had been the general agent of his mother, (to whom the obligation was payable,) in the transaction of all her business, collecting money, giving notes, and receipts, and transfering notes; and had done so with her knowledge and consent. That his authority was not in writing — that he had no direction to make the assignment of the obligation sued on in this case, but had a general verbal authority to transact all his mother’s business.
Upon this proof the obligation and assignment were allowed to be read to the jury, to which the defendant objected.
In this there was no error. It is well settled, that an authority to endorse a bill of exchange or promissory note, may be by parol; and by the act of 1786, ch. 4, § 1, bills, bonds, or notes for money, as well those with seal, as those without seal, are made negotiable and transferable by endorsement, in the same manner, and under the same rules, regulations and restrictions as promissory notes. And by the act of 1762, *297 ch. 9, § 2, promissory notes were, in this respect, placed upon the same footing with inland bills of exchange by the law merchant. Whether the instrument transferred be with or without seal, makes no difference. In neither case is a seal necessary to the validity of the endorsement, and, therefore, an authority by parol to assign or endorse is sufficient. The proof of authority to make the assignment in the present case, we think, was ample.
In this respect, therefore, there is no error in the judgment.